UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ROSARIO COPPOLA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No: 16-67-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| WAL-MART STORES EAST, LP and | ) | **ORDER** |
| STANLEY ACCESS TECHNOLOGIES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Rosario Coppola was allegedly injured by an automatic door as he exited from a Wal-Mart store in Corbin, Kentucky. [R. 1-1 at ¶¶ 1-3.] Coppola subsequently filed a complaint in the circuit court of Laurel County, Kentucky, alleging negligence and seeking compensatory damages for mental and physical pain and suffering, medical expenses, and impaired earning capacity. [*Id*. at ¶¶ 4-5.] Defendants Wal-Mart Stores East, LP (Wal-Mart) and Stanley Access Technologies LLC (Stanley) timely removed the action to this Court, and Coppola now seeks to remand it. For the reasons explained below, Coppola's motion to remand [R. 5] is DENIED.

**I**

In compliance with Kentucky Rule of Civil Procedure 8.01(2) prohibiting allegations of specific sums for unliquidated damages, Coppola's original complaint does not specify the amount of damages he seeks but instead asserts that he has been damaged by the Defendants' negligence "in amounts in excess of the jurisdictional requirements" of Laurel County Circuit Court. [R. 1-1 at ¶ 5.] In such instances "when the complaint is silent as to the amount in

controversy, the defendant should engage in discovery on that issue before removing the case." *Burgett v. Troy-Bilt*, LLC, 2011 WL 4715176, *3 (E.D. Ky. Oct. 5, 2011) (collecting cases). Under the Kentucky Rules, defendants may obtain information as to the amount claimed through pre-removal interrogatories, requests for admissions, or depositions. *See id*. (citations omitted); Ky. R. Civ. P. 8.01; *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1309 (E.D. Ky. 1990) (citation omitted). Accordingly, Defendants in this case propounded interrogatories requesting Coppola to state the amount he sought in damages for each of the kinds of damages listed in the complaint and to describe how each amount was calculated. [R. 1-1 at 19.] Coppola's sworn responses to these interrogatories stated he was claiming at least $270,000 of various compensatory damages against Stanley, and at least $283,720.93 against Wal-Mart.[1] [R. 1-1 at 7.] Coppola's responses were notarized on March 30, 2016 [*id*. at 8], and Defendants state they received the responses on April 26, 2016. [R. 7 at 2.]

On April 27, 2016, Defendants removed this action from Laurel County Circuit Court on the basis of this Court's diversity jurisdiction, which requires complete diversity between the parties and an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a)(1). A few weeks later, Coppola filed a motion to remand. [R. 5.] Coppola does not dispute that he is a citizen of Kentucky, and that Defendants are citizens of Arkansas and Connecticut, thus creating complete diversity. [*See* R. 1 at 1-3.] Rather, Coppola argues that the jurisdictional threshold amount of damages has not been met. In support, Coppola attaches an affidavit in which he states as follows: "I do not intended [sic] to seek more than $70,000 at trial against Defendant Wal-Mart Stores East, LP and Stanley Access Technologies, LLC." [R. 5-2.] This affidavit was notarized on May 5, 2016, after the case had been removed to federal court. Based on this

---

[1] In response to the inquiry about the amount sought for past medical expenses, Coppola simply responded "see attached records." [R. 1-1 at 7.] Coppola did not explain how the amounts of claimed damages were calculated.

2

affidavit, Coppola now contends that the Court lacks subject matter jurisdiction and must remand the case to Laurel Circuit Court. [R. 5-1.]

## II

### A

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted). Here, the parties are diverse, and Coppola states that he does not intend to seek more than $70,000 against the Defendants. Therefore, the principal issue is whether or not Coppola's statement of intent concerning the damages sought is sufficient to defeat this Court's federal jurisdiction and remand the case.

For purposes of determining whether the Court has diversity jurisdiction under 28 U.S.C § 1332, the amount in controversy is evaluated as of the time of removal. *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769-70 (6th Cir. 2009) (citation omitted). Therefore, the Sixth Circuit has held that "events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 872

3

(6th Cir. 2000). The Sixth Circuit has explained the reasoning behind this principle by noting that "[i]f plaintiffs were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Id*. Therefore, "a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit" is generally disfavored and "does *not* require remand to state court." *Id*. (emphasis added).

In Kentucky, where plaintiffs are prevented from pleading a specific amount of damages, and where the state permits recovery of damages in excess of the amount demanded, federal courts sitting in diversity have long held that "[w]hen a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be remanded." *Tankersley v. Martinrea Heavy Stampings, Inc*., 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014) (collecting cases); *see also, e.g., Egan v. Premier Scales & Systems*, 237 F. Supp. 2d 774, 777-78 (W.D. Ky. 2002) (finding this principle is consistent with the Sixth Circuit's prohibition on post-removal reductions and with other districts where the state prohibits plaintiffs from making specific demands in the complaint) (collecting cases); *Agri-Power, Inc. v. Majestic JC, LLC*, 2013 WL 3280244, *3 (W.D. Ky. June 27, 2013) (finding the same). Therefore, in order to defeat federal diversity jurisdiction, a post-removal stipulation limiting the amount of damages must be the first time the plaintiff provides specific information about the amount in controversy, thereby serving to simply clarify "that the amount in controversy is and has been below the jurisdictional threshold *from the outset*." *Jenkins v. Douglas*, 2015 WL 3973080, *2 (E.D. Ky. June 30, 2015); *accord Agri-Power*, 2013 WL 3280244, at *3. Additionally, in order "to guard against forum shopping and encroachments on the defendant's right of removal," the stipulation limiting damages also must be "unequivocal"

4

such that it will be binding on the parties and on any state court to which the case is remanded. *Egan*, 237 F. Supp. 2d at 778; *see also Leavell v. Cabela's Wholesale, Inc.*, 2015 WL 9009009, *2 (W.D. Ky. Dec. 15, 2015).

## B

### 1

Here, Coppola's attached affidavit does not meet the standard discussed above for post-removal stipulations warranting remand. While Coppola's complaint does not seek a specific amount of damages, the Defendants in this case propounded interrogatories to determine the amount sought. Only after Coppola provided sworn interrogatory responses stating specific amounts of damages well in excess of the jurisdictional threshold did Defendants remove the case to federal court. This situation therefore is very different from the one in which a defendant seeks removal by presenting mere estimates of the damages sought and arguing that it is more likely than not that the amount in controversy is greater than $75,000. Instead, in the present case, the Court ascertained that the amount in controversy was greater than $75,000 based on Coppola's sworn interrogatory responses about the damages sought *at the time of removal*. *See Labuy v. Peck*, 790 F. Supp. 2d 601, 603-04 (E.D. Ky. 2011) (finding remand was not warranted where sufficient evidence that the amount in controversy was greater than $75,000 existed at the time of removal and was only reduced by a subsequent change of events).

Therefore, Coppola's affidavit supposedly indicating a change in his "intentions" is decidedly not the "first clear indication" of the amount of damages but is instead a post-removal *reduction* which does not require remand. *See Tankersley*, 33 F. Supp. 3d at 781; *see also Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (finding that only where a plaintiff's post-removal stipulation "provides specific information about the amount in

controversy for the first time" can it be viewed as a clarification instead of a reduction) (internal quotation omitted).  As such, remanding the instant case would violate the Sixth Circuit's policy of discouraging forum shopping by plaintiffs who change their position after removal solely to avoid federal jurisdiction.  *See, e.g.*, *Griffith v. Aleman*, 2016 WL 2869794, *4 (W.D. Tenn. May 17, 2016) (distinguishing the result in *Tankersley* by finding remand would "run counter" to Sixth Circuit policy where the post-removal damages stipulation was not the plaintiff's "first expression" of the amount of damages sought) (citing *Rogers*, 230 F.3d at 872).

**2**

Coppola's affidavit also is not sufficiently unequivocal to be binding on future litigation.  "When a case is remanded on the basis of a post-removal stipulation then the plaintiff is bound to recover no more than the damages to which he stipulated upon his return to state court."  *Tankersley*, 33 F. Supp. 3d at 780.  Therefore, because Kentucky allows plaintiffs to recover more than they originally seek, any post-removal stipulation that the damages sought are less than $75,000 needs to be unequivocal in order to effectively limit the recovery such that remand is warranted.  *Egan*, 237 F. Supp. 2d at 778.  While federal courts have recognized that a plaintiff's sworn stipulation that he will "neither seek nor accept" damages greater than $75,000 is sufficiently unequivocal, they have also found stipulations that plaintiffs will not "ask for" more than $75,000 are too equivocal to warrant remand.  *Compare Leavell*, 2015 WL 9009009, at *2 (citing as examples of unequivocal stipulations language stating that plaintiff "neither seeks, nor will accept, damages greater than $75,000"; plaintiff "will neither seek nor accept damages" greater than $75,000; or plaintiffs "have never sought, and will not accept" more than $75,000); *with Helton v. Lelion*, 2014 WL 5824894, at *3 (E.D. Ky. Nov. 10, 2014) (finding plaintiff's stipulation that she will not "ask for" more than $75,000 to be equivocal and

insufficient to prevent her from collecting damages in excess of that amount). In *Egan*, the court found plaintiff's stipulation that she "will [only] accept a sum of $74,990 exclusive of interests and costs" to be equivocal because "merely say[ing] that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." 237 F. Supp. 2d at 775, 778.

Here, Coppola's attached affidavit does not definitively state that he will not seek less than $75,000, nor does he guarantee he would refuse to accept more than that amount. Instead, he merely states that he does "not intended [sic] to seek more than $70,000." [R. 5-2.] Merely stating his intentions is far too ambiguous to constitute an express waiver that would operate as a binding factual stipulation in future litigation should the case be remanded. *See Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings, Coll. of Law v. Martinez*, 561 U.S. 661, 677 (2010) (determining that factual stipulations are "binding and conclusive" and "are not subject to subsequent variations") (internal quotation omitted). Moreover, Coppola's stated intentions in the affidavit contradict his previous sworn responses to the interrogatories. Such a contradiction within this context is not unequivocal enough to prevent him from changing his mind and seeking more than $70,000 in future litigation. In order to deprive this Court of its subject matter jurisdiction, the language in the stipulation must be definite enough to convince the Court that Coppola "will be constrained to recovering an amount that is not to exceed $74,999." *Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013) (explaining that "the principal feature" of a post-removal stipulation warranting remand "is its binding authority on the parties" in order to prevent a party from simply using the stipulation "as a ploy to retain a more favorable state court jurisdiction over the claim"). Thus, Coppola's affidavit concerning his intentions is not sufficiently binding to warrant remand.

7

### III

Accordingly, the Court being sufficiently advised, it is hereby ORDERED that Coppola's Motion to Remand [**R. 5**] is **DENIED**.

This the 25th day of August, 2016.

Gregory F. Van Tatenhove
United States District Judge